ENRIQUETA JOGLAR DÍAZ ET AL., Plaintiffs and Appellees, v. GREGORIO MARIÑELARENA ET AL., Defendants and Appellants.

No. 4921. Argued April 1, 1929.—Decided June 20, 1929.

M. Benítez Flores for appellant Mariñelarena. F. Soto Gras for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 28th day of July, 1928, this court decided that a complaint begun in the name of a dead person was a nullity and that the said complaint could not be amended by substituting the names of the heirs. The decision was made in response to a petition in certiorari presented by Gregorio

Mariñelarena and Rafael Bernabe, the persons then named as defendants, to annul the action of the District Court of San Juan permitting the amendment.

Thereupon the heirs of the said dead man began a suit in unlawful detainer against Gregorio Mariñelarena and Rafael Bernabe. The court held that complaint against Rafael Bernabe did not lie, but rendered judgment in ouster against Gregorio Mariñelarena. The latter appealed and the case comes before us on a motion to dismiss the appeal.

The unlawful detainer suit was for an alleged default in the payment of rent. It is familiar law that on such an appeal the accruing instalments of rent must either be deposited in court or the payment secured to the plaintiff. Otherwise, the appeal is subject to dismissal. All the instalments of rent save one were unquestionably so deposited and in a lump sum. The sufficiency of the deposit of the first month due, namely, that for January, 1928, is the question in this case.

The defendant and appellant says, and underscores his statement, that the one hundred and thirty-five dollars for January, 1928, were not included in the said lump sum, ''because it had already been deposited in court in the anterior suit at the disposition of the plaintiff-appellees and they knew and were aware that the said amount was to be found there at their disposition as has been alleged.''

We shall not stop to consider at length whether money consigned in a suit begun in the name of a dead man could give the plaintiffs any right of withdrawal. They might be met with the statement that the money so deposited was in no sense deposited to their disposition, especially as the defendants had insisted that the plaintiffs had no right to interject themselves in that suit and claim the right to amend.

What we do hold is that the money deposited at large or in a suit that is null and void is not a compliance with the law of unlawful detainer. Sections 12 and 15 of the Unlawful Detainer Act read:

"Sec. 12. Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay ·all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

"Sec. 15. In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due."

This rental was the first installment due and its deposit was made necessary by virtue of section 12 and necessarily as of a date subsequent to the judgment. Until the judgment is obtained the defendant is under no duty to make a deposit. Hence a deposit made in a different alleged suit or at large at a date unmistakably prior to the judgment is not a compliance with the law. The plaintiffs were no more bound to look around for a deposit made a few months before than they would for a deposit made years before.

While the statute does not say so in so many words, we think the deposit must be identified as belonging to some particular suit. "Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal." These words can hardly refer to a mere indefinite unidentified deposit, but the "making" or "filing" or request therefor should be entitled in the pending suit. In any event the same quoted words show that the deposit should be made "within the time granted for taking an appeal," or namely, after judgment. The defendant can not by anticipation pay into court money to be applied as a deposit in case the judgment should be

pronounced against him. Sections 12 and 15 in no sense contemplate such a procedure and the accident of a previous abortive suit can not aid defendant.

The defendant and appellant had no right to depend upon a deposit made by virtue of a suit that had been declared null and void, especially as such nullity was the result of his own action.

The appeal must be dismissed.